1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6

CHRISTOPHER M. WOOD,

7
                          Plaintiff,

8
     v.

9

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

10
11
                    Defendant.

Case No. 2:16-cv-01163-RBL

ORDER AFFIRMING DEFENDANT'S
DECISION TO DENY BENEFITS

12
13
14
15

     THIS MATTER is before the Court on Plaintiff Wood's Complaint [Dkt. 3] for review of the Social Security Commissioner's denial of his applications for disability insurance and supplemental security income benefits.

16
17
18
19
20
21
22
23
24
25

     Wood suffers from affective disorder, post-traumatic stress disorder, and obesity. *See* Dkt. 7, Administrative Record 333. He applied for disability insurance and SSI benefits in June 2010, alleging he became disabled beginning in September 2009. *See* AR 330. Those applications were denied upon initial administrative review and on reconsideration. *See id*. A hearing was held before Administrative Law Judge M.J. Adams, and the ALJ issued an unfavorable decision in December 2012. *See id*. Wood appealed, and this Court remanded the case for further proceedings. *See id*. The ALJ held a second hearing in August 2015. *See id*. Wood, represented by counsel, appeared and testified, as did a vocational expert. *See* AR 351-70.

26

---

[1] Nancy A. Berryhill is now the Acting Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn W. Colvin as Defendant in this suit. The Clerk is directed to update the docket, and all future filings by the parties should reflect this change.

ORDER - 1

The ALJ determined Wood to be not disabled. *See* AR 327-50. The Appeals Council denied Wood's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. *See* AR 320-26; 20 C.F.R. §§ 404.981, 416.1481. In August 2016, Wood filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3.

Wood argues that the Commissioner's decision to deny benefits should be reversed and remanded for an award of benefits or for further administrative proceedings because the ALJ erred: (1) in evaluating the medical evidence; (2) in evaluating Wood's testimony; and (3) in assessing Wood's residual functional capacity and finding him capable of performing past relevant work.

The Commissioner argues that the ALJ did not err in evaluating the medical evidence or Wood's testimony, so the ALJ's RFC and step-four finding that Wood could perform past work were supported by substantial evidence and should be affirmed.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld by the Court if the Commissioner applied the "proper legal standards" and if "substantial evidence in the record as a whole supports" that determination. *See Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing *Brawner v. Sec'y of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as

ORDER - 2

adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[2]

## I.       The Medical Evidence in the Record

The ALJ determines credibility and resolves ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in

---

[2] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the courts to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). A physician's opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996).

Wood argues that the ALJ erred by failing to give specific and legitimate reasons supported by substantial evidence to discount the opinions of examining psychologists Cassandra Clark, Ph.D., Sylvia Thorpe, Ph.D., and Carl Epp, Ph.D. *See* Dkt. 9 at 15-19.[3] The Court disagrees.

Drs. Clark, Thorpe, and Epp examined Wood and opined that he had marked to severe limitations in cognitive and social functioning. *See* AR 255, 301, 308, 646-47. The ALJ gave these opinions little weight because, among other reasons, Wood's presentation at these evaluations was "markedly different" than his presentation at his appointments with his regular treatment providers. *See* AR 339-40.

---

[3] Plaintiff's opening brief exceeds the page limit established in the scheduling order. *See* Dkt. 8. In accordance with Local Civil Rule 7(e)(6), the Court will not consider text that is not included within the page limit.

ORDER - 4

An ALJ need not accept a physician's opinion if that opinion is inadequately supported by clinical findings or "by the record as a whole." *See Batson*, 359 F.3d at 1195. Here, Wood's treatment providers reported that he generally appeared at appointments with appropriate appearance and behavior, normal affect and mood, organized thought form and content, good judgment, intact orientation and fund of knowledge, good concentration, and intact long- and short-term memory. *See, e.g.*, AR 213-14, 657, 768, 799-800, 820. These clinical findings are inconsistent with the examining psychologists' opinions that Wood was, for example, markedly impaired in exercising judgment or severely impaired in maintaining appropriate behavior. *See* AR 308, 647. Therefore, the ALJ provided a specific and legitimate reason supported by substantial evidence to discount the extremity of the limitations to which the examining psychologists opined.

## II.   Wood's Testimony

Wood argues that the ALJ erred by failing to give a clear and convincing reason supported by substantial evidence to discount Wood's testimony. *See* Dkt. 9 at 6-15. The Court disagrees.

Questions of credibility are solely within the responsibility of the ALJ. *See Sample*, 694 F.2d at 642. The Court should not "second-guess" this credibility determination. *Allen*, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. *See id.* at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

ORDER - 5

1
2
3
4
5
6
7

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester*, 81 F.3d at 834 (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.2d at 834.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

Here, the ALJ found Wood's testimony not to be fully credible for several reasons, including that his testimony was inconsistent with his reported activities. *See* AR 339. An ALJ may discount a claimant's testimony when a claimant's activities of daily living "contradict his other testimony." *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Here, Wood alleged that, due to paranoia and panic resulting from his mental impairments, he was afraid to leave his trailer and had difficulty being around others or focusing on tasks. *See* AR 37, 362-63. However, elsewhere in the record, Wood stated that his activities included regular household maintainence, walks around the neighborhood, reading, taking care of his personal needs without assistance, and "couch surfing" between his friends' homes. *See* AR 190, 265, 300. The ALJ found that those activities suggested Wood was capable of at least a moderate level of cognitive and social functioning. *See* AR 339. Substantial evidence supports the ALJ's finding that the extremity of Wood's statements concerning the intensity, persistence, and limiting effects of his symptoms could be discounted for this reason.

## III.    The RFC Assessment and Step-Four Finding

23
24
25
26

Wood argues that the RFC assessed and the ALJ's resulting step-four finding are not supported by substantial evidence due to the errors alleged above. *See* Dkt. 9 at 3-4. However, because the Court finds that the ALJ committed no harmful error in evaluating the medical

ORDER - 6

evidence or Wood's testimony, the RFC and step-four finding are supported by substantial evidence and not in error. *See supra* §§ I, II.

//

**CONCLUSION**

Based on the foregoing discussion, the Court hereby finds that the ALJ properly concluded Wood was not disabled. Accordingly, the Commissioner's decision to deny benefits is AFFIRMED.

DATED this 16th day of February, 2017.


Ronald B. Leighton
United States District Judge

ORDER - 7